IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELQUIADES HERNANDEZ (TDCJ No. 1924943), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-773-K-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Melquiades Hernandez, a Texas prisoner, has filed a *pro se* Petition for Writ of Error Coram Nobis. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the petition.

**Applicable Background, Legal Standards, and Analysis**

Hernandez

was convicted of continuous sexual abuse of a young child and was sentenced to 60 years' imprisonment. *Hernandez v. State*, No. F13-55932 (Crim. Dist. Court No. 1, Dallas Cty. 2014), *aff'd* No. 05-14-00495-CR, 2015 WL 1897811 (Tex. App. – Dallas, Apr. 27, 2015, *pet ref'd*). He unsuccessfully sought state habeas relief. His first application was denied

without written order. *Ex parte Hernandez*, No. WR-85,985-01 (Tex. Crim. App. Dec. 14, 2016). His second application was dismissed as successive. *Ex parte Hernandez*, No. WR-85,985-02 (Tex. Crim. App. Mar. 29, 2017).

*Hernandez v. Davis*, No. 3:17-cv-2426-N-BK, Dkt. No. 9 (N.D. Tex. Nov. 7, 2017), *rec. accepted*, Dkt. No. 13 (N.D. Tex. Jan. 5, 2018). Earlier this year, this Court dismissed with prejudice Hernandez's 28 U.S.C. § 2254 application for writ of habeas corpus as time-barred. *See id.*, Dkt. Nos. 9, 13, & 14. Hernandez recently noticed an appeal of that dismissal. *See id.*, Dkt. No. 18.

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996); citing *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his [federal] sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.")).

But "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments," because that writ "can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982) (per curiam) (citations omitted). Therefore, "[a] federal court which did not impose the sentence has no jurisdiction to issue a writ of

error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief." *Id.* at 515 (citation omitted); *accord Back v. Amarillo Police Dep't*, 673 F. App'x 458 (5th Cir. 2017) (per curiam).

And, given that Hernandez already has sought habeas relief under Section 2254 in this Court, and that the Court's judgment dismissing that action as time-barred is on appeal to the United States Court of Appeals for the Fifth Circuit, the Court should not construe the claims in Hernandez's plainly titled petition for writ of coram nobis as seeking relief under Section 2254.

## Recommendation

The Court should dismiss the Petition for Writ of Error Coram Nobis.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 2, 2018

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE